# IN THE COURT OF APPEALS OF IOWA

No. 15-1079
Filed August 31, 2016

IN RE THE MARRIAGE OF JASON EUGENE TROTT
AND VANESSA BENTON

Upon the Petition of
**JASON EUGENE TROTT,**
        Petitioner-Appellee,

**And Concerning
VANESSA BENTON,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Plymouth County, Jeffrey A. Neary,

Judge.


        A mother appeals the court's denial of her motion to modify the physical

care arrangement for the parties' minor children.  **AFFIRMED.**


        Jacquelyn Johnson of Vonnahme Law, P.C., Sioux City, for appellant.

        Dan T. McGrevey, Fort Dodge, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Vanessa Benton appeals the district court's denial of her petition to modify the physical care provisions of the decree dissolving her marriage to Jason Trott. On appeal, she claims the district court incorrectly concluded there was not a substantial change in circumstances. She also claims the court should have found that she can more effectively minister to the children's well-being. Because we agree with the district court's decision, we affirm.

The parties' marriage was dissolved in 2009 by the entry of a stipulated decree that placed the parties' three children in Jason's physical care. After the dissolution, both parties remarried and each had additional children.[1] Vanessa filed the modification proceeding in March of 2014, alleging the children at issue were being abused. The matter proceeded to trial in March of 2015. The district court heard testimony from a multitude of witnesses, including the oldest child, then age twelve. The district court issued a comprehensive decision outlining the concerns of each of the parties, and there is no need at this point to rehash the allegations of misconduct levied by the parties. But it is very clear to us the children are the ones who have suffered as a result of the poor behavior of both parents.

To sustain her burden to modify the dissolution decree with respect to the physical care of the children, Vanessa must prove:

> there has been a substantial change in circumstances since the time of the decree not contemplated by the court when the decree was entered, which is more or less permanent and relates to the welfare of the child. The parent seeking to change the physical

---

[1] At the time of the modification hearing in March 2015, both parties were seeking dissolutions from their respective spouses.

care from the primary custodial parent to the petitioning parent has a heavy burden and must show the ability to offer superior care.

*See In re Marriage of Brown*, 778 N.W.2d 47, 51 (Iowa Ct. App. 2009) (citation omitted). In denying Vanessa's petition, the district court noted:

> Vanessa identifies three changes in circumstances; namely (1) Jason does not allow visits at times and he does not co-parent with her, (2) there have been new abuse reports since the divorce, [and] (3) she received a text once from Jason that reveals his attitude about her role as a co-parent where he suggested she give up her parental rights to the children. While there is evidence of these suggested changes in the record, the court is conflicted with the idea of a change of custody as there is little evidence that failure to change custody would result in a positive wrong or injustice to the children here. Further, Vanessa has not shown that she is able to minister more effectively to the children's well-being than Jason. In some respects she may be able to do so, but in others it is not clear. She clearly is not in any financial condition to minister to the children's well-being over that of Jason and she demonstrates a lack of commitment to Jason's relationship with the children and further demonstrates some lack of stability otherwise. Moreover, the court heard considerable testimony that would clearly indicate that the Department of Human Services would have the basis for a removal action on the children if an investigation was conducted and the facts alleged in this proceeding were presented, but nothing of the sort has occurred. As much involvement as this family has had with the Department of Human Services in the past, it almost belies belief that no such action has yet been taken if the allegations could be substantiated. In consideration of the foregoing principles, the court concludes that a modification is not appropriate here. This determination is not without misgivings, but considering how the children are doing in their present setting, the court cannot conclude that a change in custody is warranted here. It should be noted, however, that it would not take a lot to tip the balance in favor of Vanessa, but that balance has not yet been tipped in her favor.

We review the district court's decision in a modification action de novo. *Id.* at 50. We "give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them." *Id.* We give deference to the district court because the trial court has the ability to hear the

evidence firsthand and view the witnesses. *Id.* Upon our de novo review of the record, we affirm the district court's decision without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**